UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK PALOMPELLI,

                Plaintiff,

-against-

JILLIAN SMITH, M.D.; FREDERICK BERNSTEIN, M.D.; CARL J. KOENIGSMAN, M.D.; GREEN HAVEN C.F. MEDICAL DEPT.,

                Defendants.

7:20-CV-8070 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

      Plaintiff, who is currently incarcerated in the Shawangunk Correctional Facility, brings this *pro se* action asserting claims under 42 U.S.C. § 1983 for damages, alleging that the defendants violated his federal constitutional rights. He sues (1) Jillian Smith, a nurse practitioner assigned to the Green Haven Correctional Facility, (2) Frederick Bernstein, a physician assigned to Green Haven, (3) Carl J. Koenigsman, the Chief Medical Officer of the New York State Department of Corrections and Community Supervision, and (4) the "Green Haven C.F. Medical Dept." By order dated November 13, 2020, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

      For the reasons discussed below, the Court dismisses Plaintiff's claims against the "Green Haven C.F. Medical Dept." The Court also directs service on Defendants Smith, Bernstein, and Koenigsman.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**DISCUSSION**

**A.** **"Green Haven C.F. Medical Dept."**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). A correctional facility's medical department is not considered a "person" for the purpose of §1983. *See, e.g.*, *Monroe v. Rockland Cnty. Corr. Facility*, No. 7:20-CV-6807, 2020 WL 5026592, at *1 (S.D.N.Y. Aug. 25, 2020); *Thompson v. Hartford Cnty. Med. Dep't*, No. 3:19-CV-1983, 2020 WL 2198096, at *3 (D. Conn. May 6, 2020). The Court therefore dismisses Plaintiff's claims under § 1983 against the "Green Haven C.F. Medical Dept." for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

2

B. **Service on the remaining defendants**

As Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Defendants Smith, Bernstein, and Koenigsman until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve Defendants Smith, Bernstein, and Koenigsman until 90 days after the date that summonses are issued for those defendants. If the complaint is not served on Defendants Smith, Bernstein, and Koenigsman within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on Defendants Smith, Bernstein, and Koenigsman, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for those defendants. The Clerk of Court is further instructed to issue summonses for Defendants Smith, Bernstein, and Koenigsman, and deliver to

3

the Marshals Service all of the paperwork necessary for the Marshals Service to effect service of the complaint on those defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the "Green Haven C.F. Medical Dept." 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also directs the Clerk of Court to (1) issue summonses for Defendants Smith, Bernstein, and Koenigsman, (2) complete USM-285 forms with the service addresses for those defendants, and (3) deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 16, 2020
      White Plains, New York

*Cathy Seibel*

          CATHY SEIBEL
    United States District Judge

4

**DEFENDANTS AND SERVICE ADDRESSES**

1. Jillian Smith, N.P.
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

2. Frederick Bernstein, M.D.
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

3. Carl J. Koenigsman, M.D.
   New York State Department of Corrections and Community Supervision
   1220 Washington Avenue
   Albany, New York 12226-2050